UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M3GIRL DESIGNS LLC, a Texas | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:09-CV-2334-G |
| | ) | |
| PURPLE MOUNTAIN SWEATERS, a | ) | **ECF** |
| Florida corporation, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion ("motion for reconsideration") (docket entry 11) of the defendant Carol Ann Bishop ("Bishop") to reconsider the court's order of January 13, 2010, striking and unfiling Bishop's motion to dismiss (docket entry 6) and the accompanying certificate of service (docket entry 7).  For the reasons stated below, the motion is granted.

I.  BACKGROUND

The plaintiff M3Girl Designs, LLC ("the plaintiff") instituted this action on December 8, 2009.  The plaintiff's original complaint in this action names two

defendants:  "Purple Mountain Sweaters, a Florida corporation" ("Purple Mountain Sweaters") and "Carol Ann Bishop, an individual residing in Florida."  Plaintiff's Original Complaint at 1.  On January 7, 2010, Bishop filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction (docket entry 6).  The motion apparently was filed on behalf of both Bishop and Purple Mountain Sweaters. *See* Defendant Ms. Carol Ann Bishop's Notice of Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction at 1 (stating that both "[d]efendants petition this court"); Memorandum in Support of Defendant's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction at 1 (contesting service of process on and personal jurisdiction over both Bishop and Purple Mountain Sweaters).  Because Bishop is not an attorney, on January 13, 2010, the court entered a notice of deficiency and an order (docket entry 10) striking and unfiling Bishop's motion to dismiss.

II.  ANALYSIS

A.  Legal Standard

The plaintiff has styled her motion as a motion for reconsideration.  "[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration . . . ."  *St. Paul Mercury Insurance Company v. Fair Grounds Corporation*, 123 F.3d 336, 339 (5th Cir. 1997).  However, Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer

- 2 -

than all the claims or the rights and liabilities of fewer than all the parties . . . may be

revised at any time before the entry of [a final judgment]." The court's order striking

and unfiling Bishop's motion to dismiss was an interlocutory order, so the court will

consider Bishop's motion for reconsideration under Rule 54(b):

> [R]econsideration of an interlocutory decision is available
> under the standard "as justice requires." "As justice
> requires" indicates concrete considerations of whether the
> court . . . has made an error not of reasoning but
> apprehension . . . . These considerations leave a great deal
> of room for the court's discretion and, accordingly, the "as
> justice requires" standard amounts to determining whether
> reconsideration is necessary under the relevant
> circumstances.

*Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006)

(citations and quotation marks omitted); *see also Dos Santos v. Bell Helicopter Textron,

Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.).

## B. <u>Application</u>

Section 81.102 of the Texas government code prohibits anyone who is not a

member of the State Bar of Texas from practicing law. A person who is not a member

of the state bar may represent herself in litigation *pro se*, 28 U.S.C. § 1654, but is

barred from practicing law on behalf of others. TEXAS GOVERNMENT CODE § 81.101;

*see also, e.g., Johnson v. City of Ruston Utility Municipal Complex*, 2009 WL 3672370 at

*1 (W.D. La. Oct. 30, 2009) ("Attempting to represent others is the unauthorized

practice of law."). Unlike a corporation, which has a legal existence apart from its

shareholders, *e.g.*, *Nelson v. Britt*, 241 S.W.3d 672, 678 (Tex. App.--Dallas 2007, no pet.), a "sole proprietorship has a legal existence only in the identity of the sole proprietor," *Warehouse Partners v. Gardner*, 910 S.W.2d 19, 24 (Tex. App.--Dallas 1995, writ denied) (citing *Ideal Lease Service, Inc. v. Amoco Production Company*, 662 S.W.2d 951, 952 (Tex. 1983)).  As a consequence, a corporation must be represented by an attorney in litigation, *Nelson*, 241 S.W.3d at 678, but a sole proprietorship need not be, *e.g.*, *RMC Publications v. Doulous PM Training*, 2009 WL 1974286, at *1 (N.D. Tex. Jul. 7, 2009) (O'Connor, J.) (taking note of a previous decision to grant defense counsel's motion to withdraw and allow a sole proprietor to proceed *pro se* on behalf of himself and his proprietorship).

In this case, neither Bishop nor Purple Mountain Sweaters has retained an attorney.  Instead, Bishop has filed a motion to dismiss and apparently intends to represent both defendants in this action.  Because Bishop is not licensed as an attorney in Texas, she would be barred from acting on behalf of Purple Mountain Sweaters if that entity, as the caption of plaintiff's original complaint indicated, were in fact a Florida corporation.  See *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.3d 53, 54-56 (5th Cir. 1982); *In Re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).  However, Purple Mountain Sweaters is a sole proprietorship of which Bishop is the sole proprietor.  Affidavit of Carol Ann Bishop in Support of Defendant's Motion to Dismiss at 1-2, *attached to* Motion for Reconsideration as

Exhibit A.  Therefore, it does not constitute the unauthorized practice of law for

Bishop to act on behalf of both herself and Purple Mountain Sweaters in this case.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion for reconsideration

(docket entry 11) is **GRANTED**.  The order and notice of deficiency dated

January 13, 2010 (docket entry 10) is **WITHDRAWN**.  The defendants' motion to

dismiss and certificate of service, filed January 7, 2010 (docket entries 6 and 7), are

**REINSTATED**.  The defendants' notice of motion to dismiss, filed January 19, 2010

(docket entry 12), is **DENIED** as moot.

**SO ORDERED**.


January 22, 2010.


_A. Joe Fish_____
**A. JOE FISH**
**Senior United States District Judge**

- 5 -